UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

KEVIN FIELDS,

    Plaintiff,

vs.

R. DAVIS, et al.,

    Defendants

Case No. 1:12 cv 00384 GSA PC

ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED AS TIME-BARRED

RESPONSE DUE IN THIRTY DAYS

### I. Screening Requirement

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).[1]

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or

---

[1] Plaintiff filed a consent to proceed before a magistrate judge on March 22, 2012 (ECF No. 4).

1

appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## II.     Plaintiff's Claims

Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation (CDCR) at California State Prison Corcoran, brings this civil rights action against defendant CDCR officials employed at CSP Corcoran.

Plaintiff sets forth claims of excessive force, deliberate indifference to serious medical needs, access to courts, retaliation and denial of due process. Plaintiff claims stem from events alleged to have occurred at CSP Corcoran in September of 2007.

### A.     Statute of Limitations

The Federal Civil Rights Act does not contain its own limitations period. Bd. of Regents v. Tomanio, 446 U.S. 478, 483 (1980). Therefore, federal courts apply the forum state's statute of limitations for personal injury torts. Id. The statute of limitations for an action filed under 42 U.S.C. § 1983 is the state's general or residual statute of limitations for personal injury actions. Wilson v. Garcia, 471 U.S. at 280; Owens v. Okure, 488 U.S. 235, 249-50, (1989). Effective January 1, 2003, the statute of limitations in California for assault, battery and other personal injury claims is two years, instead of one. Cal. Code Civ. Proc. § 335.1.; Jones v. Blanas, 393 F.3d 981, 927 (9th Cir. 2004). A § 1983 action filed after that date is governed by the two year statute of limitations for personal injury actions. Id. (citing Maldonado v. Harris, 370 F.3d 945, 955 (9th Cir. 2004)). Federal courts apply state law governing the tolling of the statute of limitations as long as the result is not inconsistent with federal law. Hardin v. Straub, 490 U.S. 536, 543-44 (1989). Prior to 1995, the statute of limitations was tolled during any continuous period of incarceration, unless the plaintiff was serving a life term. See former Cal. Code Civ. Proc. § 352(a)(3). In 1995, the tolling statute was amended to provide for a two year period of tolling for non-life prisoners. Carlson v. Blatt, 87 Cal.App.4th 646, 649 (2001); Cal. Code Civ. Proc. §352.1.

Plaintiff therefore had two years, plus two years for tolling, for a total of four years in which to file a complaint. The complaint in this action was filed well over the four year period in which to file a complaint.[2]

### III. Conclusion and Order

Although the statute of limitations is an affirmative defense that normally may not be raised by the Court sua sponte, it may be grounds for sua sponte dismissal of an in forma pauperis complaint where the defense is complete and obvious from the face of the pleadings or the court's own records. Franklin v. Murphy, 745 F.2d 1221, 1228-1230 (9th Cir. 1984). See Levald, Inc. v. City of Palm Desert, 988 F.2d 680, 686-87 (9th Cir. 1993). That is the case here – the defense appears complete and obvious from the face of the complaint. The complaint must therefore be dismissed as time-barred.

Accordingly, Plaintiff is hereby ordered to show cause, within thirty days of the date of service of this order, why this action should not be dismissed as time-barred. Plaintiff's failure to file a response will result in dismissal of this action.

IT IS SO ORDERED.

Dated: **June 16, 2014**

**/s/ Gary S. Austin**

UNITED STATES MAGISTRATE JUDGE

---

[2] Plaintiff does not indicate whether he is serving a life term. In his response to the order to show cause, Plaintiff must indicate whether he is serving a life term.

3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28